FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

98 MAY -8 PM 3:13

SIGN_____
RICHARD T. MARTIN
CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF PATTON TULLY TRANSPORTATION COMPANY, AS OWNER OF THE MM16 AND BIG GUN, IN A CAUSE OF EXONERATION FROM, OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 98-421-B-M2 <br><br> SECTION: "___" <br><br> MAGISTRATE (___) |

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:

The Complaint of Patton Tully Transportation Company, as owner of the MM16 and Big Gun (hereinafter referred to as "Petitioner in Limitation"), in a cause of exoneration from or limitation of liability, within the purview of 46 U.S.C. § 181, et seq., and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court, as well as within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, with respect represents on information and belief as follows:

INITIALS  DOCKET#



3:98-cv-00421 1 - 1

DATE: 05/08/98                    DEPUTY CLERK: dcap

c: FJP, SW

1.

At all times hereinafter mentioned, Patton Tully Transportation Company was the owner of the MM16 and Big Gun.

2.

The MM16 is a lifting rig being 178.5' in length, 54' in breadth, and 13' in depth. The Big Gun is a lifting rig being 174' in length, 54' in breadth, and 12' in depth.

3.

Prior to and at the time of the casualty hereinafter described, the MM16 and the Big Gun were tight, staunch, strong, properly manned, equipped and supplied, and in all respects, seaworthy.

4.

The voyage on which the demand is sought to be limited began in Baton Rouge, Louisiana and terminated at Baton Rouge, Louisiana.

5.

On or about March 27, 1997, the MM16 and Big Gun had been hired by Ingram Barge company, the owner of the Barge IB/960, to make a lift during the salvage of the IB/960 which was capsized and sunk in the Mississippi River allegedly resulting in the release of hazardous and toxic substances. Patton Tully denies that it was in any way involved in the formulation of the salvage plan. Plaintiffs allegedly suffered injuries as a result of the alleged flaw in the salvage plan which allegedly allowed hazardous or toxic chemicals to escape from the sunken barge through its release/overfill valves and/or other orifices.

6.

The injury or damages allegedly resulting therefrom were not caused or contributed to by any negligence on the part of Petitioner in Limitation, or any person for whom Petitioner in Limitation was or is responsible, or by the MM16 or the Big Gun, but were due to and caused by the fault, negligence, lack of due care, act or admission on the part of other parties or individuals for whom Petitioner in Limitation is not and cannot be held responsible.

7.

Petitioner in Limitation denies that it or the MM16 and Big Gun are liable to any extent for any claims arising out of the aforesaid casualty. Alternatively, if the court should adjudge Petitioner in Limitation liable to any extent, Petitioner in Limitation claims the benefit of limitational liability, as provided in 46 U.S.C. § 181, et seq., and all laws supplementary and amendatory thereof, and any and all other applicable laws and jurisprudence, including Rule F of the Supplemental Rules for Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure, on showing that the casualty and all resultant laws and damages occurred without fault on the part of Petitioner in Limitation, or alternatively, without any privity or knowledge of the Petitioner in Limitation herein.

8.

The MM16 and Big Gun were not damaged, lost or abandoned as a result of the foregoing casualty. The sound market value of the MM16 and Big Gun at the end of the voyage is no more than $325,000.00 and $350,000.00 respectively as evidenced by the Affidavit of Value executed by Peter C. Merrill attached hereto and made a part hereof.

-3-

9.

Suits have been filed in the 19th Judicial District Court for the Parish of East Baton Rouge and the 18th Judicial District Court for the Parish of West Baton Rouge by certain plaintiffs naming Patton Tully Transportation Company as one of the defendants for injuries allegedly sustained as more fully explained above.

10.

Several claims and substantial amounts have been made and suits have been brought against Petitioner in Limitation for losses and damages resulting from the aforesaid casualty or otherwise arising out of the voyage on which the MM16 and Big Gun were then engaged.

11.

The total amount of the claims which have been asserted, does now and hereafter will greatly exceed the interest of Petitioner in Limitation in the MM16 and the Big Gun.

12.

Since there was no freight pending on the MM16 and the Big Gun, in accordance with the provisions of 46 U.S.C. § 183, the value of the MM16 is in the total sum of $325,000.00 and the value of the Big Gun is in the total sum of $350,000.00.

13.

Should Petitioner in Limitation be found liable in any degree or in any amount to any party making a claim in consequence of the aforesaid casualty, then that liability should be limited to and not exceed the amount or value of the interest of Petitioner in Limitation in the said vessels in the amount of $325,000.00 and $350,00.00 respectively, together with interest at the rate of 6%, in

-4-

accordance with Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

14.

All and singular, the premises of this Complaint are true and correct and are within the jurisdiction of the United States and of this Honorable Court as an Admiralty and Maritime claim, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

15.

Petitioner in Limitation files herewith a corporate surety bond in appropriate form with approved security in the sum of $675,000 and as aforesaid, bearing interest thereof at the rate of 6% per annum in accordance with the provisions of Rule f (1) and is prepared, in respect to security and due appraisal, to act in accordance with the further provisions of Rule f (1) and (7), should the court so order.

WHEREFORE, Petitioner in Limitation pray:

1)     That this Honorable Court issue notice to all persons, firms and corporations asserting claims with respect to which Petitioner in Limitation seeks exoneration from and/or limitation of liability, ordering them to file their respective claims with the Clerk of Court, and to serve on the attorneys for Petitioner in Limitation herein, a copy thereof on or about the date specified in the notice;

2)     That the court issue an injunction restraining the filing, commencement and/or further prosecution in any court of any and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioner in Limitation and/or the MM16 and the Big Gun, whether *in*

*personam*, or by attachment, or *in rem*, with respect or related to any claim for which Petitioner in

Limitation seeks exoneration from and/or limitation of liability and to dissolve the attachment of any

property pursuant to any proceeding *in rem* or by attachment, for damages, death, personal injury,

loss, and destruction or otherwise done, occasioned, or incurred by reason of, or resulting from the

aforesaid casualty, except in the present proceeding, and dissolving, setting aside and rescinding any

temporary restraining order, injunction or other order relating to discovery or any other matter in any

proceeding, except in the present proceeding, against Petitioner in Limitation or any other person

or persons having or claiming to have any interest of any kind and/or against the MM16 and Big

Gun;

       3)    That the court adjudge that Petitioner in Limitation herein, Patton Tully

Transportation Company, as owner of the MM 16 and Big Gun, is not liable to any extent

whatsoever for any damages of any kind arising out of the casualty aforesaid, or, in the alternative,

if the court should adjudge that Petitioner in Limitation or the MM16 and Big Gun are liable in any

amount, the said liability should be limited and shall not exceed the amount or value of the interest

of Petitioner in Limitation in the MM16 and the Big Gun, and that monies paid or ordered to be paid,

as aforesaid, be divided pro-rata among such claimants as may prove their claims, saving to all

parties the priorities to which they may be entitled;

       4)    That judgment be entered herein discharging Petitioner in Limitation and the MM16

and the Big Gun from any and all further liability, and forever enjoining the filing or the prosecution

of any claim against them in consequence of the casualty aforesaid; and

Respectfully submitted,

TERRENCE C. FORSTALL (Bar No.: 5716)
JOHN D. FITZMORRIS, JR. (Bar No. 5594)
WILLIAM J. SOMMERS (Bar No.: 12253)
ROBERT J. DAIGRE (Bar No.: 23016)
ALAN DABDOUB (Bar No.: 25019)
COURTENAY, FORSTALL, HUNTER
    & FONTANA
730 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 566-1801

F:\Users\311\PATTON TULLEY\COMPLAINT.wpd

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

**TERRENCE C. FORSTALL**

who, after being duly sworn did depose and say that:

      He is a member of the law firm of Courtenay, Forstall, Hunter & Fontana, L.L.P.; that he

prepared the above and foregoing Complaint; and that all of the allegations of fact therein contained

are true and correct to the best of his knowledge, information and belief.

TERRENCE C. FORSTALL #5716
JOHN D. FITZMORRIS, JR. #5594
WILLIAM J. SOMMERS, JR. #12253
ROBERT J. DAIGRE #23016
ALAN DABDOUB #25019
COURTENAY, FORSTALL, HUNTER &
    FONTANA
730 Camp Street
New Orleans, Louisiana 70130-3702
Telephone: (504)566-1801
Facsimile:  (504)565-5626

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS _____ DAY
OF _____, 1998.

_____
NOTARY PUBLIC

## AFFIDAVIT OF VALUE

STATE OF MISSOURI

COUNTY OF ST. LOUIS

Before me, the undersigned notary public, personally came and appeared Peter C. Merrill who, after being first duly sworn, did depose and state that:

1.  He is a Certified Marine Surveyor of Merrill Marine Services, Inc.

2.  In the course of his employment with Merrill Marine Services, Inc., he did perform an Evaluation Analysis for Patton-Tully Transportation Company on or about November 17, 1997.

3.  Pursuant to that evaluation, he has determined that the fair market value of the "BIG GUN" lifting rig is $350,000.00 and the fair market value of the "MM 16" lifting rig is $325,000.00.

4.  The fair market value of the "BIG GUN" and the "MM 16" in May of 1997 would be the same as stated above.

_____

PETER C. MERRILL

SWORN TO AND SUBSCRIBED BEFORE ME, in said County and State, this the _____10_____ day of _April_ , 1998.

My Commission Expires: ____March 5, 1999____

_____

NOTARY PUBLIC